# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Carlos Chavez Norwood, III, | Case No.: 2:22-cv-01671-JAD-VCF |
| Plaintiff | |
| v. | **Order Screening**<br>**First Amended Complaint** |
| Renown Hospital, | |
| Defendant. | |

On March 30, 2023, I screened Plaintiff Carlos Chavez Norwood, III's complaint under 42 U.S.C. § 1983[1] and dismissed it without prejudice and with leave to amend. Norwood has filed a first amended complaint ("FAC"),[2] which I accept as the operative complaint and screen it under 28 U.S.C. § 1915A. Having done so, I find that Norwood has not pled any colorable claims. So I give him one more opportunity to amend by June 5, 2023.

## Background

### A.    Plaintiff's factual allegations[3]

Norwood received an X-Ray, which did not show anything wrong.[4] Norwood did not receive an MRI. Norwood was discharged from the hospital without treatment for his injury, which caused his injury to become worse.[5]

---

[1] ECF No. 4.

[2] ECF No. 7.

[3] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

[4] ECF No. 7 at 3.

[5] *Id.* at 4.

**B.    Plaintiff's causes of action**

Based on these events, Norwood sues defendants Emily Sagalyn, Margaret L Johnson, Richard H Ardill, Jessica L Oberg, Cherie Lordy.[6]  Norwood lists his claims as malpractice, damages, and injunctive relief.[7]  The FAC does not include any request for relief.[8]

### Discussion

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[9]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[10]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[11]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[12]  In making

---

[6] *Id.* at 1-3.

[7] *Id.* at 4-6.

[8] *Id.* at 9.

[9] *See* 28 U.S.C. § 1915A(a).

[10] *See* 28 U.S.C. § 1915A(b)(1)(2).

[11] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[12] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[13]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[14] but a plaintiff must provide more than mere labels and conclusions.[15]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[16]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]

**B.    Analysis of claims**

>    *1.    Norwood fails to state a colorable Fourteenth Amendment claim.*

Although Norwood does not identify a Fourteenth Amendment claim in the FAC, I liberally construe the FAC as including a claim of inadequate medical care under the Fourteenth Amendment.  In my previous order screening, I explained that it appeared that Norwood was a pre-trial detainee at the time of the alleged events and that to state a colorable claim of inadequate medical care under the Fourteenth Amendment he must allege: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk

---

[13] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[14] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[17] *Id.*

involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."[18]

I also explained that any amended complaint would replace the original complaint and must be complete in itself, and that Norwood should "allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights."[19]  Norwood did not follow those instructions.  The FAC includes significantly less detail than the original complaint, and it does not include any factual allegations about any defendant.  Norwood lists each of the defendants as a medical professional, but the FAC does not include any further allegations about any of them.

Because the FAC does not include any allegations about any defendant, it fails to state a colorable claim against any defendant, and I dismiss Norwood's Fourteenth Amendment claim without prejudice and with leave to amend.  If Norwood wishes to bring a second amended complaint, he must allege specific facts showing how each defendant violated his right to adequate medical care under the Fourteenth Amendment.  As I explained in my previous screening order, in order to bring a claim of inadequate medical treatment under the Fourteenth Amendment, Norwood must "prove more than negligence but less than subjective intent— something akin to reckless disregard."[20]  Thus, to state a colorable claim, Norwood must allege specific facts supporting that each defendant acted with reckless disregard for his medical needs.

---

[18] ECF No. 4 at 4; *see also Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

[19] ECF No. 4 at 7.

[20] *Gordon*, 888 at 1125.

1
2

    **2.**    ***The court declines to exercise supplemental jurisdiction over Norwood's malpractice claim.***

3    Norwood brings a state law malpractice claim.  In civil actions in which federal district

4 courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all

5 other claims that are so related to claims in the action within such original jurisdiction that they

6 form part of the same case or controversy."  28 U.S.C. § 1367(a).  But a district court may

7 decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all

8 claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

9    Because I have dismissed Norwood's Fourteenth Amendment claim, I decline to exercise

10 supplemental jurisdiction on his state-law malpractice claim, and I dismiss this claim without

11 prejudice due to a lack of jurisdiction.  Even if I were to consider this claim, because the

12 complaint does not include any allegations against any defendant, it does not state a colorable

13 malpractice claim against any defendant, so this claim would be subject to dismissal for that

14 independent reason.

15 **C.**    **Leave to amend**

16    Norwood is granted leave to file a second amended complaint to state a colorable claim

17 of inadequate medical care under the Fourteenth Amendment.  If Norwood chooses to file a

18 second amended complaint, he is advised that a second amended complaint supersedes (replaces)

19 the original complaint, so the amended complaint must be complete in itself.[21]  He must file the

20 amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled

21

---

[21] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir.
22 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896,
23 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

"Second Amended Complaint."  Norwood must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.  **He must file the amended complaint by June 2, 2023.**

### Conclusion

IT IS THEREFORE ORDERED that:

- Plaintiff's claim of inadequate medical care under the Fourteenth Amendment is dismissed without prejudice and with leave to amend;

- Plaintiff's malpractice claim is dismissed without prejudice due to a lack of jurisdiction.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1) and a copy of the FAC (ECF No. 7).  If plaintiff chooses to file a second amended complaint, he must use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.  The amended complaint will be screened in a separate screening order.  **If plaintiff does not file an amended complaint by June 5, 2023, this action will be dismissed without prejudice and closed.**

Dated: May 5, 2023

_____
U.S. District Judge Jennifer A. Dorsey