## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Carlos Chavez Norwood, III, | Case No.: 2:22-cv-01671-JAD-VCF |
| Plaintiff | |
| v. | **Order Screening**<br>**Second Amended Complaint and Granting**<br>**IFP Application** |
| Renown Hospital, | ECF No. 1 |
| Defendant | |

On May 5, 2023, I screened Plaintiff Carlos Chavez Norwood, III's first amended complaint under 42 U.S.C. § 1983[1] and dismissed it with leave to amend. Norwood has since filed a second amended complaint (SAC),[2] which I accept as the operative complaint. So I screen the SAC under 28 U.S.C. § 1915A. Having done so, I find that Norwood has pled a colorable claim for inadequate medical care under the Fourteenth Amendment against defendants Nolan O'Connor and Dr. Roberto Rivera, and I allow this case to proceed to service on that claim.

### Application to proceed *in forma pauperis*

Norwood has filed an application to proceed *in forma pauperis.*[3] Based on his financial information, I find that he is not able to pay an initial installment payment toward the full filing fee under 28 U.S.C. § 1915, so I grant his request for pauper status. This merely means that Norwood need not prepay the filing fee; he remains obligated for the full $350 fee payment and

---

[1] ECF No. 8.

[2] ECF No. 9.

[3] ECF No. 1.

the facility will withdraw funds from his account to ensure that he makes monthly payments toward this filing fee when he has funds available.

**Background**

**A.    Plaintiff's factual allegations[4]**

Norwood was arrested on February 1, 2021.[5]  He alleges that he told arresting officers that he had pain in his knee.  Dr. Emily Sagalyn ordered an X-ray, and Dr. Richard Ardill examined the X-ray.  The X-ray did not show any broken bones.  Dr. Sagalyn and Dr. Ardill released Norwood from the hospital without ordering an MRI.  An MRI, he claims, would have shown that Norwood had a complete ACL tear and that both his meniscuses were damaged.[6]

While Norwood was incarcerated at Washoe County Jail, he had to hop around to get food or go to the shower.[7]  He was not provided a wheelchair, crutches, or any other medical equipment.  Three months after his injury, his pain had not gotten any better, and he requested treatment.  Defendant Nolan O'Conner told Norwood that they would do an X-ray first, and if the X-ray showed anything, then they would order an MRI.  Norwood explained that an X-ray had already been taken and that he needed an MRI to determine whether there was anything torn in his knee.  Norwood has never received treatment for his knee, and it is now in worse condition than ever because of further injuries that he sustained during his incarceration.[8]

---

[4] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

[5] ECF No. 9 at 4.

[6] *Id.* at 3.

[7] *Id.* at 4.

[8] *Id.* at 3.

1    Norwood attached an exhibit to his complaint showing that he had an X-ray of his knee

2  taken roughly six weeks after he was arrested.[9]  Dr. Rivera signed off on that X-ray, and

3  defendant O'Connor is listed as the technician.

4    Norwood also attached treatment notes from the initial hospital visit.[10]  Those notes state:

5  "knee x-rays are negative there is no effusion around his knee no evidence of dislocation."  The

6  notes go on to state that "patient will return for new or worsening symptoms and is stable at the

7  time of discharge."  The report also indicated that Norwood should receive "orthopedic follow

8  up as needed."

9    Finally, Norwood attached the report of an MRI exam conducted a little over a year after

10  his arrest.[11] The MRI indicates that Norwood suffered a complete ACL tear, as well as damage

11  to his meniscus.

12  **B.    Plaintiff's causes of action**

13    Based on these events, Norwood sues Dr. Emily Sagalyn, Dr. Richard H. Ardill, Nolan

14  O'Connor, and Dr. Roberto Rivera.[12]  Norwood brings a claim of inadequate medical care under

15  the Fourteenth Amendment and seeks damages and injunctive relief.[13]

16

17

18

19

20

---

21  [9] *Id.* at 10.

    [10] *Id.* at 13.

22  [11]

23  [12] *Id.* at 1–3.

    [13] *Id.* at 4–9.

**Discussion**

**A.    Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[14] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[15] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[16]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[17] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[18] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[19] but a plaintiff must provide more

---

[14] *See* 28 U.S.C. § 1915A(a).

[15] *See* 28 U.S.C. § 1915A(b)(1)(2).

[16] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[17] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[18] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[19] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

than mere labels and conclusions.[20]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[21]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[22]

**B.    Analysis of claims**

    *1.    Norwood fails to state a colorable claim of inadequate medical care under the Fourteenth Amendment against defendants Dr. Sagalyn and Dr. Ardill.*

    Pretrial detainees may raise inadequate-medical-care claims under the Fourteenth Amendment's Due Process Clause.[23]  Courts evaluate these claims under an objective deliberate-indifference standard.[24]  The elements of a pretrial detainee's Fourteenth Amendment inadequate-medical-care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.[25]

---

[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[22] *Id.*

[23] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

[24] *Id.* at 1125.

[25] *Id.*

1  The third element requires the defendant's conduct to be "objectively unreasonable," a test that

2  turns on the facts and circumstances of each particular case.[26]  A plaintiff must "prove more than

3  negligence but less than subjective intent—something akin to reckless disregard."[27]

4        Norwood alleges that Drs. Sagalyn and Ardill ordered an X-ray of his knee and then

5  released him from the hospital without ordering an MRI when the X-ray came back negative.

6  Norwood also alleges that had an MRI been ordered, it would have shown significant damage to

7  his knee.  Norwood also alleges that these defendants did not prescribe him any walking aids,

8  such as crutches or a wheelchair.  But Norwood does not allege any facts to show that Drs.

9  Sagalyn or Ardill had any reason to believe that an MRI was necessary or that he would need

10 walking aids during his incarceration.  Nor does Norwood allege any facts to support that either

11 defendant's actions were objectively unreasonable under the circumstances.  The allegations thus

12 do not support that Dr. Sagalyn and Dr. Ardill acted with reckless disregard to Norwood's health

13 by failing to order an MRI.

14       Furthermore, based on the medical report that Norwood attached to the complaint, Dr.

15 Sagalyn and Dr. Ardill indicated that Norwood should return for further treatment if his knee

16 pain got worse and that he should follow up with an orthopedic specialist if needed.  It appears

17 that these treatment recommendations were not followed, but Norwood alleges no facts to

18 suggest that the failure to follow these recommendation was the fault of Drs. Sagalyn or Ardill.

19 Because none of the allegations in the complaint show that Dr. Sagalyn or Dr. Ardill acted with

20 reckless disregard to Norwood's health, or that their conduct was objectively unreasonable, I

21 dismiss Norwood's claim against these defendants without prejudice.

22

23 [26] *Id.*

[27]*Id.*

6

1
2
### 2. *Norwood states a colorable claim of inadequate medical care under the Fourteenth Amendment against defendants Nolan O'Connor, and Dr. Roberto Rivera.*

3    I find that Norwood states a colorable claim for inadequate medical care under the

4    Fourteenth Amendment against defendants Nolan O'Connor, and Dr. Roberto Rivera.  I liberally

5    construe the complaint to allege that Norwood tore his ACL and damaged his meniscus during

6    his arrest.  Norwood was seen at the hospital immediately following his arrest, but he continued

7    to experience severe pain for months after he was discharged from the hospital.  Although

8    Norwood informed O'Connor and Dr. Rivera that his knee was not improving and that he need

9    an MRI to determine whether he had any structural damage in his knee, these defendants refused

10   to schedule an MRI.  O'Connor and Dr. Rivera also refused to provide Norwood any walking

11   aids, such as crutches or a wheelchair.  As a result, Norwood went more than a year without an

12   MRI.  Norwood was in ongoing severe pain throughout this time, and he further damaged his

13   knee as a result of the lack of treatment and walking aids.

14   Based on these allegations, O'Connor and Dr. Rivera knew that Norwood was in severe

15   pain and that his knee was not getting better, but they refused to schedule Norwood for an exam

16   that would have shown the nature of Norwood's knee injury.  As a result, Norwood continued to

17   damage his knee and experience severe pain.  These allegations are sufficient to state a colorable

18   claim against defendants O'Connor and Dr. Rivera at this preliminary screening stage.

19                                          **Conclusion**

20   IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis*

21   without having to prepay the filing fee **[ECF No. 1] is GRANTED**.  Plaintiff need not pay an

22   initial installment fee, prepay fees or costs or provide security for fees or costs, but he is still

23

required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended.  This full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

In order to ensure that plaintiff pays the full filing fee, IT IS FURTHER ORDERED that **the Nevada Department of Corrections must forward from the account of Carlos Chavez Norwood, III #1206458** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk is directed to SEND copies of this order to the Finance Division of the Clerk's Office <u>and</u> to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** at formapauperis@doc.nv.gov.

The court accepts the second amended complaint (ECF No. 9) as the operative complaint in this case, and IT IS FURTHER ORDERED that:

- Plaintiff's claim of inadequate medical care under the Fourteenth Amendment will proceed against defendants Nolan O'Connor and Dr. Roberto Rivera;
- Defendants Dr. Emily Sagalyn and Dr. Richard H. Ardill are dismissed from the entirety of the case without prejudice.
- So **this case proceeds only on plaintiff's Fourteenth Amendment inadequate-medical-care claim against Defendants O'Connor and Rivera.**

IT IS FURTHER ORDERED that **the Clerk of Court is directed to:**

- **Issue** summonses for defendants Nolan O'Connor and Dr. Roberto Rivera;
- **Deliver** those summonses to the U.S. Marshal for service, along with sufficient copies of the second amended complaint (ECF No. 9) and this order to permit them to be served on these defendants.
- **Send** to plaintiff **two** USM-285 forms.

8

IT IS FURTHER ORDERED THAT **Norwood must:**

- Furnish to the U.S. Marshal the required, completed, USM-285 forms with all relevant information needed to permit the U.S. Marshal to serve each defendant <u>by August 16, 2023</u>; and

- File a notice with the court identifying which defendant(s) were served and which were not served, if any, <u>within 20 days</u> of receiving from the U.S. marshal a copy of the USM-285 forms showing whether service has been accomplished. If plaintiff wishes to have service again attempted on an unserved defendant(s), he must file a motion in which he identifies the unserved defendant(s) and specifies a more detailed name and/or address for the defendant(s), or whether some other manner of service should be attempted.

- Serve upon each defendant (or, if an appearance has been entered by counsel, upon their attorneys), a copy of every pleading, motion, or other document submitted for consideration by the court. If plaintiff electronically files a document with the court's electronic-filing system, no certificate of service is required.[28] But if plaintiff mails a document to the court, he must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been

---

[28] Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.

filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

Dated: July 16, 2023

_____
U.S. District Judge Jennifer A. Dorsey