UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| CARLOS CHAVEZ NORWOOD, III, | Case No. 3:24-CV-00019-ART-CLB |
|---|---|
| Plaintiff, | **ORDER DENYING MISCELLANEOUS MOTIONS** |
| v. | |
| RENOWN HOSPITAL, *et al.*, | [ECF Nos. 42, 43] |
| Defendants. | |

Before the Court are two motions filed by Plaintiff Carlos Chavez Norwood ("Norwood"): a motion to amend his complaint, (ECF No. 43), and a "motion corresponding about summons." (ECF No. 42.) The Court will address each motion in turn.

First, the Court will address Norwood's motion to amend his complaint. (ECF No. 43.) Previously, Norwood attempted to file an amended complaint without first filing a motion for leave to do so. (ECF No. 39.) The Court entered an order striking the amended complaint and directing Norwood to file a proper motion seeking leave of court to file an amended complaint, complete with points and authorities in support of the motion pursuant to LR 7-2, with the proposed amended complaint attached pursuant to LR 15-1. (ECF No. 41.) Norwood then filed the instant document titled "motion to amend complaint," however, Norwood neither supports the motion with points and authorities nor attaches a proposed amended complaint. (ECF No. 43.) Accordingly, the Court denies Norwood's motion to amend the complaint, (ECF No. 43), for his failure to follow LR 7-2 and 15-1.

Next, the Court turns to Norwood's motion corresponding about summons. (ECF No. 42.) In this motion, Norwood states he "was told [he] had a second chance to

complete" USM-285[1] forms directing the U.S. Marshal to effectuate service. (*Id.*) Norwood claims he completed service of the summons "using the post office" and completed and mailed the USM-285 forms to the U.S. Marshal's Service. (*Id.*) In an order filed on January 8, 2024, the Court noted that Norwood had not yet properly served Defendants and granted Norwood a 20-day extension of time to complete and return the USM-285 forms, for each defendant, to the U.S. Marshal's Service. (ECF No. 35 at 2-3.) Therefore, pursuant to the Court's order, Norwood had until January 29, 2024, to furnish the U.S. Marshal's Service with the required USM-285 forms. (*Id.* at 4.) The Court also attached the forms for Norwood to fill out and mail to the U.S. Marshal's Service. (ECF Nos. 35-1, 35-2.) Although Norwood attaches documents labeled "proof of service" to his motion, those documents are for the justice court of Reno Township and are not sufficient for the instant suit. (ECF No. 42 at 3-4.) To the extent Norwood intends his motion to show that service has been effectuated, service by mail does not suffice under the Federal or Nevada Rules of Civil Procedure. The U.S. Marshal's Service has not filed a document showing proof of service or a return of the summons unexecuted and thus the Court cannot determine whether service has been effectuated. Therefore, to the extent Norwood's motion seeks the Court to certify that he has successfully completed service, the motion is denied.

Additionally, Norwood failed to include a memorandum of points and authorities in support of his motion. Pursuant to LR 7-2(d), the failure of a moving party to file points and authorities in support of the motion constitutes consent to the denial of the motion. Therefore, Norwood's motion corresponding about summons, (ECF No. 42), is also denied pursuant to LR 7-2(d).

///

///

---

[1] Norwood references "the USM-245 form" in his motion, however, the Court construes this as referring to the USM-285 form which is the proper form for requesting the U.S. Marshals Service effectuate service of process.

**IT IS THEREFORE ORDERED** that Norwood's motion to amend the complaint, (ECF No. 43), is **DENIED**;

**IT IS FURTHER ORDERED** that Norwood's motion corresponding about summons, (ECF No. 42), is **DENIED**.

**IT IS SO ORDERED.**

**DATED**:  February 20, 2024 .

**UNITED STATES MAGISTRATE JUDGE**