**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CARLOS CHAVEZ NORWOOD, III,<br><br>         Plaintiff,<br><br>v.<br><br>RENOWN HOSPITAL, *et al.*,<br><br>         Defendants. | Case No. 3:24-CV-00019-ART-CLB<br><br>**ORDER RE: SERVICE OF DEFENDANTS** |

  This is a civil rights action filed Plaintiff Carlos Chavez Norwood ("Norwood"). Norwood is a former inmate in the custody of the Nevada Department of Corrections ("NDOC"), who filed a civil rights complaint based on an incident that occurred when he was a pretrial detainee at the Washoe County Detention Center. (ECF No. 1-1.) This case proceeded in the unofficial Southern Division of the United States District Court for the District of Nevada in Las Vegas, based on the location of Norwood at the time he filed his complaint, as case number 2:22-cv-01671-JAD-MDC.

  Pursuant to 28 U.S.C. § 1915A, the District Court screened and dismissed with leave to amend Norwood's complaint on March 30, 2023. (ECF No. 4.) Norwood then filed an amended complaint, (ECF No. 7), which was again screened and dismissed with leave to amend. (ECF No. 8.) On May 10, 2023, Norwood filed a second amended complaint, (ECF No. 9), which the Court screened. (ECF No. 11.) The District Court found that the second amended complaint stated a colorable claim for inadequate medical care under the Fourteenth Amendment against defendants Nolan O'Connor ("O'Connor") and Dr. Roberto Rivera ("Rivera"). (ECF No. 11.) The District Court dismissed without prejudice inadequate medical care claims against defendants Dr. Sagalyn and Dr. Ardill. (*Id.* at 5-6, 8.)

  At screening, the District Court also granted Norwood's request to proceed *in forma pauperis* and informed Norwood that the U.S. Marshal would attempt to effectuate

service of his complaint on the defendants. (*Id.* at 9.) The District Court directed Norwood to complete USM-285 forms (required for the U.S. Marshal to serve each defendant) and send them to the U.S. Marshal by August 16, 2023. (*Id.*) Instead, Norwood tried to serve the defendants himself, but was confused by the process and filed several motions and documents seeking assistance. (ECF Nos. 13, 14, 15, 22, 26.)

In the meantime, the U.S. Marshal filed notices stating that Norwood had not completed the USM-285 forms, so the Marshal could not serve defendants. (ECF Nos. 20, 21.) Norwood then tried to effectuate service by U.S. Mail, noting that this "completed [service] to the best of my knowledge . . . , [but] if not, I'm asking for an extension for the service of summons for a good cause." (ECF No. 30.) Some of Norwood's service motions were set for hearing before a Magistrate Judge, but when the hearing was held, the prison produced the wrong Mr. Norwood, and the Court learned that Plaintiff Carlos Norwood had been released from NDOC custody and had relocated to Reno. (ECF No. 32.)

On January 8, 2024, District Judge Dorsey granted two motions filed by Norwood, a motion for extension of time regarding service and a motion to transfer this case to the unofficial Northern Division of the United States District Court for the District of Nevada in Reno. (ECF No. 35.) Specifically, Judge Dorsey gave Norwood until January 29, 2024, to provide the USM-285 forms to the U.S. Marshal. (*Id.* at 5.) Further, Judge Dorsey granted Norwood's motion to transfer, and directed that Norwood's case be transferred and reopened as a new action in Reno. (*Id.*) Thereafter, this case was transferred and reassigned to the undersigned.

Norwood filed two motions, which in part notified the Court that he complied with the Court's order to provide the USM-285 forms. (*See* ECF Nos. 42, 45.) However, the summons were not returned in the instant case. Instead, it appears the Court, in error, docketed the summons in the now closed Las Vegas case, 2:22-cv-01671-JAD-MDC at ECF No. 36. In reviewing the summons, they were both returned as unexecuted, as neither defendant could be located. (*See Norwood v. Renown Hospital*, 2:22-cv-01671-JAD-MDC, ECF No. 36.)

Because the summons were returned by the U.S. Marshal, Norwood will now have 20 days from the date of this order to comply with District Judge Dorsey's order regarding service, which explicitly ordered that:

> [w]ithin 20 days of receiving from the U.S. Marshal a returned copy of the USM-285 forms showing whether service has been accomplished, Norwood must file a notice with the court in the northern division identifying which defendants were served and which were not served. If Norwood wishes to have service again attempted on any unserved defendant, he must file a motion in which he identifies the unserved defendants and specifies a more detailed name and address for the defendant, or whether some other proper manner of service should be attempted.

ECF No. 35 at 5.

Consistent with the above, **IT IS ORDERED** that the Clerk shall **FILE** the summons in case number 2:22-cv-01671-JAD-MDC at ECF No. 36 in **THIS CASE**.

**IT IS FURTHER ORDERED** that Norwood shall have until **March 25, 2024**, to file a motion in which he identifies the unserved defendants and specifies a more detailed address for the defendants, or whether some other proper manner of service should be attempted.

**IT IS FURTHER ORDERED** that Norwood shall have one final opportunity to effectuate service of Defendants O'Connor and Rivera, and if Norwood does not timely file a motion in compliance with this order, or if summons are returned as unexecuted again, the Court will recommend dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

**DATED**: March 5, 2024.

UNITED STATES MAGISTRATE JUDGE